### CAROLAN v. O'DONNELL et al.

(Supreme Court, Appellate Division, First Department. June 9, 1905.)

1. EQUITY—ACTION TO ESTABLISH VALIDITY OF WILL.

Though, in an action under Code Civ. Proc. § 2653a, to establish the validity of the will, in a judgment to be entered in favor of plaintiff an injunction issues restraining the parties to such action from maintaining any proceeding or maintaining a defense in any action upon a claim that the instrument in question is not the last will of testator, such fact does not make the action one in equity.

2. ACTION BY EXECUTOR—BURDEN OF PROOF.

By the express provisions of Code Civ. Proc. § 2653a, in an action by an executor to establish the validity of the will, after admission to probate, plaintiff, on introduction of the will in evidence, together with the decree admitting it to ·probate, places the burden of proof upon defendant.

[Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, § 664.]

3. SAME—COSTS.

Conceding that an action by an executor under Code Civ. Proc. § 2653a, to establish the validity of a will, is one in equity, where the will was attacked in such an action on the ground of want of testamentary capacity, and the court directed a verdict for plaintiff on the ground that there was not sufficient evidence to go to the jury, plaintiff's evidence having consisted merely of the will and decree admitting it to probate, it was an abuse of discretion for the court to award costs and an allowance to defendant.

Appeal from Trial Term, New York County.

Action by Patrick M. Carolan, individually and as executor of the will of Neil O'Donnell, deceased, to establish the validity of the will. From an order awarding costs and allowance to defendants Anthony O'Donnell and others, plaintiff appeals. Reversed.

Argued before HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Joseph H. Fargis, for appellant.
Thomas Bracken, for respondents.

PATTERSON, J. The plaintiff appeals from an order awarding costs and disbursements and an extra allowance to the· defendants O'Donnell, and directing that they be paid out of the funds of an estate in the hands of the plaintiff as executor. The action was brought under the provisions of section 2653a of the Code of Civil Procedure, to establish the validity of the last will and testament

of one Neil O'Donnell, deceased. The plaintiff sued individually and as executor. On the trial a verdict for the plaintiff was directed by the court, thus establishing the validity of the will. After the rendition of the verdict the defendants O'Donnell moved for costs and an extra allowance, and the order appealed from was on such motion made and entered.

It is claimed by the defendants O'Donnell that the action is one in equity, and that costs and the award of an extra allowance were therefore within the discretion of the court; while, on the other hand, the appellant contends that the action is at law, and that costs are allowable only to the prevailing party. We are inclined to the opinion that, as suggested in Wallace v. Payne, 9 App. Div. 35, 41 N. Y. Supp. 111, this statutory action must be regarded as one at law. The mere fact that in a judgment to be entered in favor of a plaintiff in such an action an injunction shall issue restraining the parties to such action and persons claiming under them from bringing or maintaining any other action or proceeding, or from interposing or maintaining a defense in any action or proceeding, upon a claim that an instrument is not the last will or codicil of a testator, does not necessarily make the action one in equity. The injunction is an incident, and not the primary purpose, of the action. If this view is correct, it would follow that the successful party in this action, namely, the plaintiff, alone would be entitled to costs and an allowance. But, conceding this to be a suit in equity, and that the costs were in the discretion of the court, still that discretion is a judicial one, and its exercise is open to review in this court. The learned judge below made the order appealed from, upon the supposed authority of Dobie v. Armstrong, 161 N. Y. 641, 57 N. E. 1108, in which costs of the appeal in the Court of Appeals were allowed to both parties, payable out of the estate, and it is argued from this that the granting of the costs and an extra allowance must be within the discretion of the court. The court there seemingly did not pass upon the question discussed in the present case. An examination of the record in the Court of Appeals of the case cited discloses that the action of the court of first instance in granting costs and an extra allowance to the defendant was based upon what may be regarded as the acquiescence of the plaintiff, for the judgment recites that the costs and allowance were so granted without opposition on the part of the plaintiff, and, as that record went to the Court of Appeals, the costs and allowance to the defendant were part of the judgment affirmed by that court. Here the exercise of the discretion was challenged from the outset, and on the papers now before us we are of the opinion that that discretion was not properly exercised in favor of the defendants. The proceedings on the trial are not before us. We have only the complaint and answers upon which the cause went to trial, and an affidavit of the attorney for the defendants O'Donnell. By the provisions of section 2653a of the Code, all that was required of the plaintiff was to introduce in evidence the will and the decree of the surrogate admitting it to probate. Thereupon it became incumbent upon the defendants to offer their evidence impeaching the will. It appears by

the affidavit above referred to that the will was attacked on the ground of the want of testamentary capacity of the testator. The court directed a verdict for the plaintiff, thus adjudging that there was not enough evidence to go to the jury upon the issue raised by the defendants, or, in other words, that their case is without merit. There was nothing to submit to the jury. Under such a simple state of facts we are not able to perceive why a defendant with an unmeritorious case, the proof in which was utterly insufficient to disturb a decree of probate of a will, should be rewarded for making an unsuccessful contest. The estate should not be depleted where there is a failure to sustain an attack upon a will admitted to probate.

We are therefore of the opinion that the order appealed from should be reversed, with $10 costs and disbursements. All concur.