(109 App. Div. 700)

CAROLAN v. O'DONNELL et al.

(Supreme Court, Appellate Division, First Department.   December 15, 1905.)

APPEAL—PROCEEDINGS AFTER REMAND—AMENDMENT OF JUDGMENT.

   Where an order granting an extra allowance and awarding costs to unsuccessful parties out of an estate in a will contest was reversed, it was error, after the order of reversal was entered below, to deny a motion to strike out the award of costs and extra allowance from the judgment that had been entered.

Appeal from Special Term, New York County.

Action by Patrick M. Carolan against Rebecca O'Donnell and others. From an order of the Special Term, denying his motion to amend the judgment, plaintiff appeals. Reversed.

See 94 N. Y. Supp. 171.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, LAUGHLIN, and HOUGHTON, JJ.

Joseph H. Fargis, for appellant.
Thomas Bracken, for respondents.

LAUGHLIN, J.　This action was brought, pursuant to the provisions of section 2653a of the Code of Civil Procedure, to establish a will.　The action was defended by certain heirs of the testator who contested the will.　Upon the trial the court directed a verdict in favor of the plaintiff.　The trial judge subsequently made an order granting an extra allowance in favor of each party, and directed that costs be taxed in favor of each party and that the same be paid out of the funds of the estate.　The costs of the unsuccessful defendants were taxed, and judgment was entered directing their payment and the payment of the extra allowance out of the estate, pursuant to the terms of the order.　The plaintiff subsequently appealed from the order, and this court held that the trial court was not authorized in granting the extra allowance or awarding costs to the unsuccessful parties. After the order of reversal was duly entered, the plaintiff moved to strike out the award of costs and extra allowance from the judgment that had been entered.　The motion was denied, apparently on the theory that it was a motion to amend a judgment in respect to a material matter, and that the remedy is to appeal.　See Gasz v. Strick (Super. Buff.) 3 N. Y. Supp. 830.

We are of opinion that in this view the learned court erred.　This was not an application to correct or amend a judgment for some alleged omission or error on the part of the trial judge in making an order or decision which was the authority for the judgment.　It was not an attempt to review by motion, instead of appeal, an order or decision still standing in full force and effect.　Here the only authority for incorporating the costs and extra allowance was the order of the court, which, although of full force and effect at the time of the entry of judgment, and therefore at that time authorizing it, was subsequently reversed.　The judgment, so far as it relates to this allowance and these costs awarded to the defendants, now stands without authority. It is precisely the same as if the successful party, on entering a judgment, exceeds the terms of the decision of the court or referee which is the basis for the judgment.　In such case it is well settled that the judgment may be corrected by motion.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and motion granted, with $10 costs.　All concur.